UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

KAYLEIGH BUTSCHLE,
on behalf of herself and
all others similarly situated,

      Plaintiff,

    v.

NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY
720 East Wisconsin Avenue
Milwaukee, Wisconsin 53201

      Defendant

Case No. 22-cv-686

**COLLECTIVE AND CLASS
ACTION COMPLAINT
PURSUANT TO 29 U.S.C. §216(b)
AND Fed. R. Civ. P. 23**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

### PRELIMINARY STATEMENT

1.     This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Kayleigh Butschle, on behalf of herself and all other similarly situated current and former hourly-paid, non-exempt employees of Defendant, Northwestern Mutual Life Insurance Company, for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid regular and agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.     Defendant operated an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including but not limited to at an overtime rate of pay for hours worked in excess of forty (40) hours in a workweek, by failing to compensate said employees for "off-the-clock" hours worked and work performed, including but not limited to computer "boot up" time prior to their scheduled shift start times each work day and computer "boot down" time after their scheduled shift end times each work day, and instead simply compensated said employees based on their scheduled shift start and end times each work day, in violation of the FLSA and WWPCL.

3.     Defendant's failure to compensate its hourly paid, non-exempt employees for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

4.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

5.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant has substantial and systematic contacts in this District.

**PARTIES**

7.      Plaintiff, Kayleigh Butschle, is an adult female resident of the State of Wisconsin residing at 1820 West Jewell Avenue, Milwaukee, Wisconsin 53221.

8.      Plaintiff's Notices of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with the Complaint (ECF No. 1).

9.      Defendant, Northwestern Mutual Life Insurance Company, was, at all material times herein, an entity doing business in the State of Wisconsin with a principal address of 720 East Wisconsin Avenue, Milwaukee, Wisconsin 53201.

10.     Defendant provides financial and insurance services.

11.     For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

12.     For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

13.     During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," including Plaintiff, as that term is defined under the FLSA.

14.     During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

15.     During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

16.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as an hourly-paid, non-exempt employee in the position of Customer Service Representative in the State of Wisconsin at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge.

17.     Plaintiff brings this action on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt employees employed by Defendant within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1). Plaintiff and all other current and former hourly-paid, non-exempt employees on whose behalf she brings this Complaint performed compensable work in the same or similarly-titled positions subject to Defendant's same unlawful compensation policies and practices as enumerated herein at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge.

18.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiff and all other hourly-paid, non-exempt employees.

19.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant supervised Plaintiff's and all other hourly-paid, non-exempt employees' day-to-day activities.

20.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

21.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established Plaintiff's and all other hourly-paid, non-exempt employees' work

schedules and provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

22.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees similarly utilized Defendant's employment policies, practices, and/or procedures in the performance of their job duties.

23.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt employees' employment-related questions, benefits-related questions, and workplace issues.

24.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established the terms and conditions of Plaintiff's and all other hourly-paid, non-exempt employees' employment.

## GENERAL ALLEGATIONS

25.     In approximately July 2018, Defendant hired Plaintiff as an hourly-paid, non-exempt employee in the position of Customer Service Representative.

26.     During Plaintiff's employment with Defendant, Plaintiff primarily worked out of her home performing her job duties and responsibilities on behalf of Defendant, which primarily included receiving telephone calls from Defendant's customers, prospective customers, and/or third-parties.

27.     In approximately May 2022, Plaintiff's employment with Defendant ended.

28.     During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

29.     During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

30.     On a daily basis during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were employed by Defendant in hourly-paid, non-exempt job positions and performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction from their homes and/or at physical locations that were owned, operated, and/or managed by Defendant.

31.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees regularly worked at least forty (40) hours per workweek.

32.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees worked at least forty (40) hours per workweek.

33.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees on a weekly basis via check.

34.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Monday through Sunday.

35.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of compensating said employees each work

day based on their scheduled shift start and end times, as opposed to compensating said employees for all hours worked and work performed each work day and each workweek, including but not limited to "off-the-clock" hours worked or time spent on computer "boot up" time prior to their scheduled shift start times each work day and computer "boot down" time after their scheduled shift end times each work day, in violation of the FLSA and WWPCL.

36. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees performed their job duties using Defendant's computer and telephone systems and other, various web-based and software programs and applications.

37. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant required, directed, and/or expected Plaintiff and all other hourly-paid, non-exempt employees to perform their job duties using Defendant's computer and telephone systems and other, various web-based and software programs and applications.

38. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the customary or normal daily process by which Plaintiff and all other hourly-paid, non-exempt employees commenced their job duties each work day was as follows: "boot up" their computer; provide authentication; log-in to and access various web-based and software programs and applications (such as "Mutual Knowledge," "Aspect," and Skype); log-in to and access Defendant's "CIC" program; and be physically and logistically available and ready to receive telephone calls by Plaintiff's and all other hourly-paid, non-exempt employees' scheduled shift start time.

39. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant required, directed, and/or expected Plaintiff and all other hourly-paid, non-

exempt employees to complete the "boot up" process and to be physically and logistically available and ready to receive telephone calls at Plaintiff's and all other hourly-paid, non-exempt employees' scheduled shift start time.

40. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees could not perform their job duties on a daily basis on behalf of Defendant unless and/or until said employees completed the "boot up" process and were physically and logistically available and ready to receive telephone calls by employees' scheduled shift start time.

41. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), and in order to perform their job duties on behalf of Defendant as of their scheduled shift start times each work day, Plaintiff and all other hourly-paid, non-exempt employees were required, directed, and/or expected to commence the "boot up" process as described in the aforementioned paragraphs prior to their scheduled shift start times each work day. For example, during Plaintiff's employment with Defendant and typically during the years 2020 and 2021, Plaintiff's customary scheduled shift start time each workday was 9:30 a.m. Thus, in order for Plaintiff to be physically and logistically available and ready to receive telephone calls by her scheduled shift start time of 9:30 a.m. each workday, Plaintiff needed to and was required to commence the "boot up" process as described in the aforementioned paragraphs by at least 9:20 a.m. each workday.

42. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), commencing the "boot up" process as described in the aforementioned paragraphs prior to their scheduled shift start times each work day was an integral and indispensable part of Plaintiff's

and all other hourly-paid, non-exempt employees' performance of their job duties on behalf of Defendant.

43.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew that Plaintiff and all other hourly-paid, non-exempt employees engaged in the "boot up" process as described in the aforementioned paragraphs prior their scheduled shift start times each work day.

44.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), completing the "boot up" process as described in the aforementioned paragraphs prior to Plaintiff's and all other hourly-paid, non-exempt employees' scheduled shift start times each work day lasted approximately ten (10) minutes, or longer.

45.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice applicable to Plaintiff and all other hourly-paid, non-exempt employees was to record hours worked for compensation purposes as of said employees' scheduled shift start times each work day, as opposed to when compensable work commenced each work day via the "boot up" process as described in the aforementioned paragraphs prior to said employees' scheduled shift start times each work day. For example, during Plaintiff's employment with Defendant, Defendant began compensating Plaintiff as of her 9:30 a.m. scheduled shift start time each work day despite Plaintiff commencing the "boot up" process as described in the aforementioned paragraphs prior to her 9:30 a.m. scheduled shift start time each work day as required, expected, and/or directed by Defendant.

46.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the customary or normal daily process by which Plaintiff and all other hourly-paid, non-exempt employees ceased their job duties each workday was as follows: log out of Defendant's

"CIC" program; close the various web-based and software programs and applications (such as "Mutual Knowledge," "Aspect," and Skype); and restart or shut down the computer.

47.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant required, directed, and/or expected Plaintiff and all other hourly-paid, non-exempt employees to engage in the "boot down" process as described in the aforementioned paragraph each work day.

48.     Often times during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees engaged in the "boot down" process as described in the aforementioned paragraphs beyond their scheduled shift end times each work day.

49.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew that Plaintiff and all other hourly-paid, non-exempt employees engaged in the "boot down" process as described in the aforementioned paragraphs beyond their scheduled shift end times each work day.

50.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), engaging in the "boot down" process as described in the aforementioned paragraphs beyond their scheduled shift start times each work day was an integral and indispensable part of Plaintiff's and all other hourly-paid, non-exempt employees' performance of their job duties on behalf of Defendant.

51.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), completing the "boot down" process as described in the aforementioned paragraphs after Plaintiff's and all other hourly-paid, non-exempt employees' scheduled shift start times each work day lasted approximately five (5) to ten (10) minutes.

52.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice applicable to Plaintiff and all other hourly-paid, non-exempt employees was to record hours worked for compensation purposes as of said employees' scheduled shift end times each work day, as opposed to when compensable work actually ceased each work day via the "boot down" process as described in the aforementioned paragraphs after said employees' scheduled shift end times each work day. For example, during Plaintiff's employment with Defendant, Defendant ceased compensating Plaintiff as of her customary 6:00 p.m. scheduled shift end time each work day despite Plaintiff completing the "boot down" process as described in the aforementioned paragraphs beyond her 6:00 p.m. scheduled shift end time each work day as required, expected, and/or directed by Defendant.

53.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each work day and each workweek, including but not limited to at the proper, correct, and lawful overtime rate of pay.

54.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and during workweeks when no overtime was due, if any, Defendant suffered or permitted Plaintiff and all other hourly-paid, non-exempt employees to work without being paid appropriate and lawful compensation for all hours worked and/or work performed each work day and each workweek, at a regular rate of pay and/or at an overtime rate of pay for hours worked in excess of forty (40) in a workweek.

55.     Defendant was or should have been aware that its compensation policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees in the same or

similar fashion for all hours worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

## **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

56.     Plaintiff bring this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek.

57.     Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

58.     Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

59.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay policies and practices failed to compensate Plaintiff and the FLSA Collective for all hours worked and work performed each workweek as described herein, instead compensating them based on their scheduled shift start and end times each work day, thus failing to compensate Plaintiff and the FLSA Collective at the correct, proper, and lawful overtime rate of pay when Plaintiff and the FLSA Collective worked more than forty (40) hours during a workweek, in violation of the FLSA.

60. The First Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

61. The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

62. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff as stated herein are the same as those of the FLSA Collective.

63. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

64. Defendant was or should have been aware that its unlawful practices failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

65. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's physical locations in areas where postings are normally made.

66.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collectives.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

67.     Plaintiff brings this action on behalf of herself and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendant within two (2) years immediately prior to the filing of this Complaint (ECF No. 1) through the date of final judgment who have not been compensated for all hours worked each workweek – at either a regular rate of pay or at an overtime rate of pay for hours worked in excess of forty (40) hours in a workweek.

68.     The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Class are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

69.     The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of the Wisconsin Class.

70.     Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the members of the

Wisconsin Class were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiff and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

71.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and have no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

72.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

73.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving

of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

74. Defendant has violated the WWPCL regarding payment of wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

75. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Class is compensable under federal law and/or Wisconsin law; and (2) The nature and extent of class-wide injury and the measure of damages for the injury.

76. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

## FIRST CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime Wages
### <u>(Plaintiff on behalf of herself and the FLSA Collective)</u>

77.     Plaintiff, on behalf of herself and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

78.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

79.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

80.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

81.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

82.     Defendant violated the FLSA by suffering or permitting Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendant's unlawful compensation practice failed to compensate Plaintiff and the FLSA Collective for all hours worked and work performed each workweek as described herein, instead compensating them based on their scheduled shift start and end times each work day. By failing to compensate the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiff and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

83.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for

commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

84.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

85.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

86.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

87.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
## Violation of the WWPCL – Unpaid Overtime Wages
## (Plaintiff, on behalf of herself and the Wisconsin Class)

88.     Plaintiff, on behalf of herself and the Wisconsin Class, reassert and incorporate all previous paragraphs as if they were set forth herein.

89.     At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

90.     At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

91.     At all relevant times, Defendant employed Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

92.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

93.     At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

94.     Throughout the Wisconsin Class Period, Defendant maintained and perpetrated an unlawful compensation practice that failed to compensate Plaintiff and the Wisconsin Class for all hours worked and work performed each workweek as described herein, instead compensating them based on their scheduled shift start and end times each work day, and thus failing to compensate

Plaintiff and the Wisconsin Class at an overtime rate of pay for hours worked in excess of forty (40) each workweek, in violation of the WWPCL.

95. Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

96. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

97. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

## THIRD CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Regular Wages/Failure To Pay An Agreed-Upon Wage
### (Plaintiff, on behalf of herself and the Wisconsin Class)

98. Plaintiff, on behalf of herself and the Wisconsin Class, reassert and incorporate all previous paragraphs as if they were set forth herein.

99. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

100. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

101.    At all relevant times, Defendant employed Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

102.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

103.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages.

104.    Throughout the Wisconsin Class Period, the Wisconsin Class was entitled to payments from Defendant at their agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked, pursuant to Wis. Stat. § 109.03.

105.    Throughout the Wisconsin Class Period, Defendant did not compensate the Wisconsin Class for each and every hour worked, in accordance with Wis. Admin. Code § DWD 272.

106.    Throughout the Wisconsin Class Period, Defendant maintained and perpetrated an unlawful compensation practice that failed to compensate Plaintiff and the Wisconsin Class for all hours worked and work performed each work day and each workweek at their regular hourly rate of pay when hours worked each workweek did not exceed forty (40), in violation of the WWPCL.

107.    Defendant willfully failed to pay Plaintiff and the Wisconsin Class compensation for all hours worked that did not exceed forty (40) hours in a workweek, in violation of the WWPCL.

108. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

109. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages and/or regular wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees with other relief that the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 14th day of June, 2022

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ ***Scott S. Luzi***
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com